IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


MELODY ANDERSON,
*on behalf of*
CAROLYN COX, *Deceased*                                                PLAINTIFF


vs.                                    Civil No. 6:12-cv-06033


CAROLYN W. COLVIN                                                DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Melody Anderson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her request to receive the

underpayment of disability funds that were awarded to her deceased mother, Carolyn Cox.  The

parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's mother, Carolyn Cox, was found to be disabled by an ALJ from a hearing held on

May 25, 2005.  (Tr. 10).  However, Carolyn Cox died on April 5, 2004, which resulted in an

underpayment in the amount of $72,739.  *Id.*  In Carolyn Cox's application for disability, she stated

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

she married Charles Cox on September 23, 1977 in Hot Springs, AR and further stated the marriage had not ended. *Id.*

On June 9, 2006, the Social Security Administration sent a letter to Plaintiff on behalf of Carolyn Cox requesting information regarding the next of kin or the legal representative of the estate to determine the proper recipient of the underpayment. *Id.* On October 24, 2008, the Social Security Administration sent a letter to the last known employer of Charles Cox requesting he notify the office in an attempt to determine if he was the estranged spouse of Carolyn Cox. *Id.*

On December 20, 2008, the Social Security Administration sent a notice to Plaintiff notifying her she would not be receiving the underpayment. (Tr. 26). On December 21, 2008, the Social Security Administration sent a notice to Charles Cox on behalf of Carolyn Cox notifying him he would be receiving the underpayment. (Tr. 28). On January 25, 2009, Social Security denied reconsideration and notified Plaintiff she was not entitled to the unpaid benefit. (Tr. 30).

On January 29, 2009, Plaintiff filed a request for hearing by an ALJ. (Tr. 38). Plaintiff's administrative hearing was held on January 27, 2010, in Hot Springs, AR. (Tr. 56-68). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *Id.* During the hearing, Plaintiff testified she was the daughter of Carolyn Cox. (Tr. 60). Plaintiff testified Carolyn Cox and Charles Cox were still married at the time of Carolyn Cox's death in 2004, but had not lived together since 1979. (Tr. 62-63). Plaintiff testified she had not seen Charles Cox, her stepfather, since 1979 when she was two years old. (Tr. 63-65).

On June 15, 2010, the ALJ entered an unfavorable decision denying Plaintiff's request for the underpayment of Carolyn Cox's disability benefits. (Tr. 10-11). In this decision, the ALJ found Carolyn Cox filed her initial disability application on June 10, 1994 and reported she was married

2

to Charles Cox on September 23, 1977 and the marriage had not ended.  (Tr. 11, Finding 1).  The

ALJ also determined Carolyn Cox filed subsequent disability applications on May 17, 1999,

September 10, 1999, and January 10, 2000 and in each application she indicated she was married to

Charles Cox.  (Tr. 11, Finding 2).  Finally, the ALJ found no evidence existed that the marriage

between Charles Cox and Carolyn Cox was dissolved before the death of Carolyn Cox.  (Tr. 11,

Finding 3).  As a result, the ALJ found Plaintiff was not entitled to the underpayment of benefits on

behalf of Carolyn Cox based upon higher order of priority.  (Tr. 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.

(Tr. 5-6).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable

decision.  (Tr. 2-4).  On March 5, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties

consented to the jurisdiction of this Court on March 29, 2012.  ECF No. 5.  Both Parties have filed

appeal briefs.  ECF Nos. 8, 10.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's erred by not finding Plaintiff entitled to the

underpayment of benefits on behalf of Carolyn Cox.  ECF No. 8.  In response, the Defendant argues

the ALJ did not err by finding Charles Cox entitled to the underpayment of benefits.  ECF No. 10.

Social Security regulations determine the order of distribution for an underpayment of

benefits when the individual to whom payment is due dies before receiving payment.  *See* 20 C.F.R.

§ 404.503(b).  The order of distribution is as follows:

> (1) The deceased individual's surviving spouse as defined in section 216(c), (g), or (h) of the Act who was either:
>
> (i)  Living in the same household (as defined in § 404.347) with the deceased individual at the time of such individual's death, or
>
> (ii) Entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died.
>
> (2) The child or children of the deceased individual (as defined in section 216(e) or (h) of the Act) entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died (if more than one such child, in equal shares to each such child).
>
> (3) The parent or parents of the deceased individual, entitled to a monthly benefit on the basis of the same earnings record as was the deceased individual for the month in which such individual died (if more than one such parent, in equal shares to each such parent). For this purpose, the definition of "parent" in § 404.374 includes the parent(s) of any deceased individual who was entitled to benefits under title II of the Act.
>
> (4) The surviving spouse of the deceased individual (as defined in section 216(c), (g), or (h) of the Act) who does not qualify under paragraph (b)(1) of this section.

(5) The child or children of the deceased individual (as defined in section 216(e) or (h) of the Act) who do not qualify under paragraph (b)(2) of this section (if more than one such child, in equal shares to each such child).

(6) The parent or parents of the deceased individual, who do not qualify under paragraph (b)(3) of this section (if more than one such parent, in equal shares to each such parent). For this purpose, the definition of "parent" in § 404.374 includes the parent(s) of any deceased individual who was entitled to benefits under title II of the Act.

(7) The legal representative of the estate of the deceased individual as defined in paragraph (d) of this section.

20 C.F.R. § 404.503(b).

In this matter, the ALJ did not err in finding Charles Cox entitled to the underpayment of benefits on behalf of Carolyn Cox.  Because the evidence established Charles Cox had not lived with Carolyn Cox for years prior to her death, he was not qualified for payment under 20 C.F.R. § 404.503(b)(1).  However, Charles Cox meets the definition of a surviving spouse in 20 C.F.R. § 404.503(b)(4) and is entitled to receive the underpayment of benefits because of higher priority.

Charles Cox was a surviving spouse pursuant to 20 C.F.R. § 404.503(b)(4) because he was married to Carolyn Cox for a period of not less than nine months immediately prior to the day she died.  *See* § 216(g)(1)(E) of the Social Security Act, 42 U.S.C. § 416(g)(1)(E).  To begin with, Plaintiff testified Charles Cox and Carolyn Cox were married at the time of Carolyn Cox's death, and they had been married for at least 30 years.  (Tr. 62-65).  Additionally, Carolyn Cox identified Charles Cox as her husband on her applications for disability benefits, and stated the marriage had not ended.  (Tr. 10-11).

Charles Cox's priority as a surviving spouse pursuant to 20 C.F.R. § 404.503(b)(4), is higher than Plaintiff's.  Plaintiff does not qualify under 20 C.F.R § 404.503(b)(2) because she was not entitled to a monthly benefit on Carolyn Cox's earnings record for the month in which Ms. Cox died.

To have been entitled to a monthly benefit under § 404.503(b)(2), Plaintiff would have had to have been either a child under the age of 18, an older child who became disabled prior to age 22, or an older child who qualified as a full-time student under 20 C.F.R. § 404.367.  *See* 20 C.F.R. § 404.350(a).  Plaintiff does not meet any of these requirements.  Plaintiff testified she was two or three years old when she last saw Charles Cox in 1979 or 1980.  (Tr. 62-63).  Therefore, Plaintiff was at least 26 or 27 years old when Carolyn Cox died in 2004.  Also, there was no evidence presented that established Plaintiff was disabled or a full-time high school student at the time of Carolyn Cox's death.  Plaintiff, would be entitled to Carolyn Cox's underpayment based on 20 C.F.R. § 404.503(b)(5), as she is a child of a deceased who did not qualify under § 404.503(b)(2).  However this is lower priority than Charles Cox.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **18th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE